**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
OCT 13 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **Morris Williams,** *Plaintiff,* | § | |
| v. | § | **Civil Action No.:** 4:26-cv-01924 |
| **CREDIT CONTROL SERVICES, INC,** *Defendant.* | § | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES, PRODUCTION OF THE MASTER SERVICES AGREEMENT, AND FOR RULE 37 RELIEF

Plaintiff Morris Williams respectfully moves this Court pursuant to Rules 26(b)(1), 33, 34, 37(a)(3)(B)(iii)-(iv), and 37(a)(5) of the Federal Rules of Civil Procedure for an Order compelling Defendant Credit Control Services, Inc ("CCS") to serve complete verified answers to Plaintiff's First Set of Interrogatories and to produce the Master Services Agreement between Defendant and Progressive Insurance. Plaintiff further requests that the Court warn Defendant that continued noncompliance with discovery obligations may result in sanctions under Rule 37(b)(2)(A). In support thereof, Plaintiff respectfully states as follows:

### A. PROCEDURAL BACKGROUND

1. On April 9, 2026, Plaintiff served Plaintiff's First Set of Interrogatories (Nos. 1-10) and First Set of Requests for Production (Nos. 1-12) upon Defendant's counsel of record, Lawrence J. Bartel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

2. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendant's responses and objections were due no later than May 12, 2026.

3. Defendant failed to serve any interrogatory answers, written responses, or objections within the time prescribed by the Federal Rules of Civil Procedure.

4. Although Defendant later produced certain account records, collection data, and internal documents, Defendant failed to produce the Master Services Agreement requested in Plaintiff's Request for Production No. 6.

5. On multiple occasions following Defendant's response deadline, Plaintiff attempted in good faith to obtain the overdue discovery without court intervention. Plaintiff communicated with Defendant's counsel regarding the missing interrogatory responses, the identity and role of "**Bleymin Nunez,**" Defendant's handling of e-OSCAR Dispute Code 053, and the missing Master Services Agreement with Progressive Insurance. Copies of the parties' meet-and-confer communications are attached as **Exhibit A**.

6. Despite Plaintiff's repeated good-faith efforts, Defendant has failed to provide complete discovery responses or otherwise cure its discovery deficiencies.

## B. CERTIFICATION OF GOOD-FAITH CONFERENCE

7. Pursuant to Rule 37(a)(1), Plaintiff certifies that he has in good faith conferred and attempted to confer with Defendant's counsel in an effort to obtain the requested discovery without court action. Those efforts were unsuccessful, thereby necessitating the filing of this Motion.

## C. ARGUMENT AND AUTHORITIES

### a. Defendant Has Failed to Provide Required Discovery

8. Rule 37(a)(3)(B)(iii) authorizes a motion to compel when a party fails to answer an interrogatory submitted under Rule 33.

9. Rule 37(a)(3)(B)(iv) authorizes a motion to compel when a party fails to produce documents requested under Rule 34.

10. Defendant has failed to answer Plaintiff's interrogatories, failed to serve written objections, and failed to provide complete responses to Plaintiff's requests for production. Defendant's conduct constitutes a complete failure to comply with its discovery obligations under the Federal Rules of Civil Procedure.

11. Defendant's failures are particularly significant because they involve information uniquely within Defendant's possession, custody, and control.

**b. The Requested Discovery Is Relevant and Proportional**

12. Rule 26(b)(1) permits discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case.

13. Plaintiff's interrogatories seek information directly relevant to Plaintiff's claims under 15 U.S.C. § 1681s-2(b), including:

a. The identity, position, responsibilities, and actions of "Bleymin Nunez";

b. The specific investigative procedures undertaken by Defendant in response to Plaintiff's consumer dispute;

c. The factual basis for Defendant's reporting and verification of a future Date of First Delinquency of January 10, 2026;

d. The factual basis for Defendant's reporting of an account status indicating "Refinanced or Renewed"; and

e. The information reviewed, relied upon, or obtained in connection with Defendant's investigation and verification activities.

14. Likewise, the Master Services Agreement requested in Request for Production No. 6 is directly relevant to the claims and defenses in this action.

15. The Master Services Agreement is uniquely within Defendant's possession, custody, and control and constitutes the principal document establishing whether Defendant possessed contractual authority from Progressive Insurance to collect, furnish, verify, report, or otherwise act upon Plaintiff's account.

16. No alternative source exists from which Plaintiff may reasonably obtain this document.

17. Accordingly, the requested discovery is relevant, proportional, and plainly discoverable under Rule 26(b)(1).

**c. Defendant Has Generally Waived Non-Privilege Objections**

18. Defendant's responses were due on May 12, 2026.

19. Defendant served no timely responses and asserted no timely objections.

20. Because Defendant failed to timely serve responses or objections, any non-privilege objections are generally deemed waived.

21. Accordingly, Plaintiff respectfully requests that Defendant be ordered to provide complete responses without objection except for

properly supported claims of privilege accompanied by an adequate privilege log.

**d. Defendant's Conduct Demonstrates a Pattern of Discovery Noncompliance**

22. Defendant's failure to answer interrogatories is not an isolated discovery deficiency.

23. Defendant also failed to timely respond to Plaintiff's Requests for Admissions, resulting in the filing of Plaintiff's Notice and Motion for Order Confirming Deemed Admissions pursuant to Rule 36(a)(3).

24. Defendant further failed to produce the Master Services Agreement despite producing selected documents concerning the account.

25. Defendant's selective production while withholding the primary document allegedly establishing its authority over Plaintiff's account has substantially prejudiced Plaintiff's ability to prepare his case.

26. Court intervention is therefore necessary.

**e. Expenses Are Appropriate Under Rule 37(a)(5)**

27. Rule 37(a)(5)(A) provides that when a motion to compel is granted, the Court must require the party whose conduct necessitated

the motion, or the attorney advising that conduct, to pay the movant's reasonable expenses unless one of the rule's exceptions applies.

28. Defendant has provided no justification for its failure to answer interrogatories or produce requested documents.

29. Plaintiff attempted to resolve these issues without judicial involvement, but Defendant failed to cooperate.

30. Accordingly, Plaintiff respectfully requests any recoverable expenses authorized under Rule 37(a)(5).

**f. Continued Noncompliance Warrants Warning of Rule 37(b) Sanctions**

31. Discovery in this matter is scheduled to close on November 30, 2026.

32. Defendant's ongoing refusal to provide discovery substantially prejudices Plaintiff's ability to prepare dispositive motions and trial materials.

33. Accordingly, Plaintiff respectfully requests that the Court warn Defendant that failure to comply with the Court's discovery order may result in sanctions pursuant to Rule 37(b)(2)(A), including evidentiary preclusion concerning:

i. Any alleged contractual authority from Progressive Insurance;

ii. Any alleged investigation conducted pursuant to 15 U.S.C. § 1681s-2(b);

iii. Any documents withheld during discovery; and

iv. Any testimony concerning matters Defendant refused to disclose during discovery.

## D. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Morris Williams respectfully requests that this Court:

1. **GRANT** Plaintiff's Motion to Compel;
2. **ORDER** Defendant Credit Control Services, Inc. to serve complete, verified answers to Plaintiff's First Set of Interrogatories (Nos. 1-10), without objection except properly asserted claims of privilege supported by a privilege log, within fourteen (14) days of the Court's Order;
3. **ORDER** Defendant Credit Control Services, Inc. to produce a complete and unredacted copy of the Master Services Agreement between Defendant and Progressive Insurance within fourteen (14) days of the Court's Order;

4. **FIND** that Defendant failed to timely respond to Plaintiff's discovery requests and that any non-privilege objections are generally waived;
5. **AWARD** Plaintiff any recoverable expenses authorized under Rule 37(a)(5);
6. **WARN** Defendant that failure to comply with the Court's Order may result in sanctions pursuant to Rule 37(b)(2)(A), including evidentiary preclusion, adverse evidentiary findings, or other appropriate sanctions; and
7. **GRANT** Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted by,

*/s/ Morris Williams*
**Morris Williams**
9311 FM 1488
30-111
Magnolia, TX 77354
Email:
travell2003@yahoo.com

Date: October 9, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, a true and correct copy of the foregoing Plaintiff's Notice and Motion for Order Confirming Deemed Admissions Pursuant to Rule 36(a)(3) was served via electronic mail.

**Lawrence J. Bartel**
Fed. No. 3951068
Credit Control Services, Inc.
725 Canton Street Norwood, MA 02062
(717) 645-5463
Lbartel@ccsusa.com

***Counsel for Defendant***

# EXHIBIT A

Re: Morris Williams v. CCS BYPASSCCS SECURECCS

From: Morris Williams (travell2003@yahoo.com)

To: lbartel@ccsusa.com

Date: Thursday, June 25, 2026 at 01:53 PM CDT

This is Morris again regarding CCS's discovery production.

We met and conferred regarding the discovery deficiencies. During that conference, you stated that additional discovery would be produced by Wednesday. It is now Thursday, and I have not received the promised production.

Additionally, I requested CCS's position regarding the contract or agreement between Progressive and CCS because that document is critical to my claims against CCS. I have not received a response regarding whether such an agreement will be produced.

At this point, I have made every reasonable effort to resolve these discovery deficiencies without court intervention. Because the deficiencies remain unresolved, I have no alternative but to seek the Court's assistance through a motion to compel.

- The Metro 2 Compliance guide that can be located at M2reporter.com
- Credit Reporting Resource Guide published by the Consumer Data Industry Association and can be obtained at CDIAonline.org

LAWRENCE (LARRY) BARTEL | Senior Counsel
CCS Corporate Headquarters
[illegible]
Norwood, MA [illegible]
[illegible]

**From:** Bartel, Lawrence

**Sent:** Friday, June 19, 2026 12:11 PM

**To:** Morris Williams <travell2003@yahoo.com>

**Subject:** Morris Williams v. CCS BYPASSCCS SECURECCS

Re: Morris Williams v. CCS BYPASSCCS SECURECCS

From: Morris Williams (travell2003@yahoo.com)

To: lbartel@ccsusa.com

Date: Wednesday, September 16, 2026 at 01:38 AM CDT

I'm filing the motion to compel today... Do you oppose?

On Thursday, June 25, 2026 at 01:53:03 PM CDT, Morris Williams <travell2003@yahoo.com> wrote:

This is Morris again regarding CCS's discovery production.

We met and conferred regarding the discovery deficiencies. During that conference, you stated that additional discovery would be produced by Wednesday. It is now Thursday, and I have not received the promised production.

Additionally, I requested CCS's position regarding the contract or agreement between Progressive and CCS because that document is critical to my claims against CCS. I have not received a response regarding whether such an agreement will be produced.

At this point, I have made every reasonable effort to resolve these discovery deficiencies without court intervention. Because the deficiencies remain unresolved, I have no alternative but to seek the Court's assistance through a motion to compel.

- The Metro 2 Compliance guide that can be located at M2reporter.com
- Credit Reporting Resource Guide published by the Consumer Data Industry Association and can be obtained at CDIAonline.org

LAWRENCE (LARRY) BARTEL | Senior Counsel
CCS Corporate Headquarters
725 Canton Street
Norwood, MA 02[illegible]
717-645-5483

TWO Seperate motions

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Morris Williams,** *Plaintiff,* | § | |
| v. | § | **Civil Action No.:** 4:26-cv-01924 |
| **CREDIT CONTROL SERVICES, INC,** *Defendant.* | § | |

## PLAINTIFF'S NOTICE AND MOTION FOR ORDER CONFIRMING DEEMED ADMISSIONS PURSUANT TO RULE 36(a)(3)

Plaintiff Morris Williams respectfully files this Notice and Motion regarding Defendant Credit Control Services, Inc.'s failure to respond to Plaintiff's First Set of Requests for Admissions and requests that the Court enter an **Order** confirming that the matters contained therein are deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure. In support, Plaintiff states as follows:

### A. FACTUAL BACKGROUND

1. On April 9, 2026, Plaintiff's First Set of Requests for Admissions (RFA Nos. 1-17) upon Defendant's counsel of record, Lawrence J. Bartel, via email service. A true and correct copy of the

Requests for Admissions and Certificate of Service is attached as **Exhibit A**.

2. Pursuant to Rule 36(a)(3), a matter is admitted unless, within thirty (30) days after service, the party to whom the request is directed serves a written answer or objection.

3. Defendant failed to serve any written answers, responses, or objections within the time permitted by Rule 36(a)(3). Defendant likewise failed to request an extension of time and has not sought relief from the Court regarding its failure to respond.

4. As of the filing of this Motion, Defendant has not served responses to the Requests for Admissions.

5. Defendant has not moved to withdraw or amend the admissions pursuant to Rule 36(b), and no **ORDER** has been entered relieving Defendant of the consequences of its failure to respond. Accordingly, the admissions remain conclusively established for purposes of this action.

**B. LEGAL AUTHORITY**

6. Rule 36(a)(3) provides that a matter is admitted unless the responding party serves a written answer or objection within thirty (30) days after service.

7. Rule 36(b) further provides that a matter admitted under Rule 36 is conclusively established unless the Court permits withdrawal or amendment of the admission.

8. Because Defendant failed to timely respond or object to Plaintiff's Requests for Admissions, the matters contained therein were automatically admitted by operation of law.

**C. DEEMED ADMISSIONS**

9. As a result of Defendant's failure to respond, Defendant has conclusively admitted, among other things, that:

a. Defendant verified a future Date of First Delinquency of January 10, 2026, on its December 30, 2025 Equifax ACDV (RFA Nos. 1 and 14);

b. Defendant's e-OSCAR system populated or altered the Date of First Delinquency based upon information received through the CRA dispute process (RFA No. 6);

c. Defendant conducted its dispute verification without requesting, obtaining, or reviewing underlying account-level documentation or contractual records from Progressive Insurance (RFA Nos. 7 and 16);

d. Plaintiff never refinanced or renewed the account at issue (RFA No. 3).

10. These admissions concern material facts central to Plaintiff's claims under 15 U.S.C. § 1681s-2(b) and Defendant's anticipated defenses.

11. The deemed admissions significantly narrow the issues for discovery, summary judgment, and trial because the admitted facts eliminate genuine disputes concerning Defendant's reporting, investigation procedures, and the status of the account at issue.

**D. REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff Morris Williams respectfully requests that the Court:

a. **TAKE NOTICE** that Defendant failed to timely answer or object to Plaintiff's First Set of Requests for Admissions;

b. **CONFIRM** that all matters contained in Plaintiff's First Set of Requests for Admissions (RFA Nos. 1-17) are deemed admitted pursuant to Rule 36(a)(3);

c. **ORDER** that such admissions shall be conclusively established pursuant to Rule 36(b) unless and until Defendant obtains relief from the Court;

d. **GRANT** Plaintiff leave to rely upon the admissions for purposes of discovery, dispositive motions, summary judgment, and trial; and

e. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully Submitted by,

*/s/ Morris Williams*
**Morris Williams**
9311 FM 1488
30-111
Magnolia, TX 77354
Email:

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2026, a true and correct copy of the foregoing Plaintiff's Notice and Motion for Order Confirming Deemed Admissions Pursuant to Rule 36(a)(3) was served via electronic mail.

**Lawrence J. Bartel**
Fed. No. 3951068
Credit Control Services, Inc.
725 Canton Street Norwood, MA 02062
(717) 645-5463

***Counsel for Defendant***

# EXHIBIT A

# Re: Morris Williams 26f BYPASSCCS

From: Morris Williams (travell2003@yahoo.com)

To: lbartel@ccsusa.com

Date: Thursday, April 9, 2026 at 01:48 PM CDT

Here is the first round of discovery... The 26 (f) conference was conducted on 4/9/2026

On Thursday, April 9, 2026 at 01:33:49 PM CDT, Morris Williams <travell2003@yahoo.com> wrote:

I called at 1:30 pm to meet and confer for our 26(f) conference....

On Monday, April 6, 2026 at 01:10:43 PM CDT, Bartel, Lawrence <lbartel@ccsusa.com> wrote:

CCS will call Plaintiff at (832) 559-0321.

DOC first set of ROG---ccs.docx
123.2

DOC first set of RFA---ccs (1).docx
123.4

DOC first set of RFP---ccs.docx
123.4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Morris Williams., *Plaintiff,* | § § § | **Civil Action No.:** 4:26-cv-01924 |
| v. | § § § | **Demand For a Jury Trial** |
| Credit Control Services, Inc., d/b/a Credit Collection Services *Defendant.* | § § § § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to ***Rule 33 of the Federal Rules of Civil Procedure***, Plaintiff Morris Williams requests that Defendant Credit Control Services, Inc. ("CCS") answer the following Interrogatories under oath within thirty (30) days of service.

### I. DEFINITIONS & INSTRUCTIONS

1. **"Defendant"** or **"CCS"** refers to Credit Control Services, Inc., including its agents, employees, representatives, parent companies, subsidiaries, affiliates, and anyone acting on its behalf.

2. **"Plaintiff"** refers to Morris Williams.

3. **"Subject Account or Account"** refers to the collection account or tradeline appearing on Plaintiff's credit reports bearing the partial account number *1732 or 17071732, allegedly originating with Progressive Insurance.

4. **"Document"** is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A), including any electronic

records, ACDVs, AUDs, computer screen prints, Metro 2 data transmissions, emails, policies, manuals, and internal memoranda.

5. **"E-OSCAR"** refers to the Online Solution for Complete and Accurate Reporting system used by data furnishers and consumer reporting agencies.

6. **"ACDV"** refers to an *Automated Consumer Dispute Verification* form or electronic transmission.

7. Date of First Delinquency **"DOFD"** refers to the date an account first became delinquent (30 days past due) and was never again brought current.

8. **Purchase Agreement or Contract"** means any written, electronic, or oral agreement, arrangement, or understanding—formal or informal—under which Defendant acquired, purchased, obtained, or otherwise received consumer information, data, reports, or services from Progressive Insurance or any of its affiliates.

9. These requests are continuing in nature. If you subsequently obtain information responsive to these requests, you must supplement your responses pursuant to *FRCP 26(e)*.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the individual named "Bleymin Nunez," including their job title, employer, and exact role in processing the December 30, 2025 e-OSCAR ACDV concerning the Subject Account. If "Bleymin Nunez" is an automated user ID or alias, please explain in detail how that ID functions within your system.

**INTERROGATORY NO. 2:** Describe in detail the exact steps taken by Defendant (whether by a human agent or automated software) to conduct the investigation of Plaintiff's dispute on December 30, 2025, specifically detailing how Defendant responded to the explicit instructions in

dispute code "[053] CONSUMER STATES INACCURATE INFORMATION. Provide or confirm complete ID and verify ALL account Information".

**INTERROGATORY NO. 3:** Identify the factual basis and specific documents relied upon by Defendant to verify the "Date of First Delinquency" (DOFD) as January 10, 2026, on the December 30, 2025 ACDV form.

**INTERROGATORY NO. 4:** Explain how Defendant's automated e-OSCAR mapping software determines the DOFD field, and specifically state whether Defendant's system is programmed to map or copy the CRA's arbitrary "Response Due" date into the consumer's permanent DOFD field.

**INTERROGATORY NO. 5:** Identify the factual basis and specific documents relied upon by Defendant to verify the Account Status Code of "[ D ] REFINANCED OR RENEWED" on the December 30, 2025 ACDV form for the Subject Account.

**INTERROGATORY NO. 6:** Identify the factual basis and specific documents relied upon by Defendant to furnish the "Terms" of the Subject Account as "1 Month" to Experian, and the "Account Type" as an "Open Account" to TransUnion.

**INTERROGATORY NO. 7:** Explain the factual and business reasons why Defendant chose to report an internal account number to the credit reporting agencies rather than the original Progressive Insurance policy number of 987129610.

**INTERROGATORY NO. 8:** Identify the specific accounting records, itemization data, and mathematical calculations used by Defendant to substantiate and verify the alleged balance of $359.

**INTERROGATORY NO. 9:** Describe in detail every communication, electronic transmission, or ACDV exchange between Defendant and Equifax, Experian, and TransUnion concerning

Plaintiff's disputes from November 2025 to the present. For each communication, identify the date, the exact time of transmission, the system used, the specific response codes provided by Defendant, and the identity of the person or software that executed the transmission.

**INTERROGATORY NO. 10:** Identify any insurance agreement, policy, or provider under which an insurance business or carrier may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy the judgment.

## CERTIFICATE OF SERVICE

I certify compliance with Federal Rule of Civil Procedure 33 governing ***Interrogatories,*** and Federal Rule of Civil Procedure 26 defining the proper scope of discovery. On April 9, 2026, I served a copy of ***Plaintiff's First Set of Interrogatories*** directly to Defendant's counsel of record.

**Counsel for Defendant:**
*Lawrence J. Bartel*
Fed. No. 3951068
Credit Control Services, Inc.
725 Canton Street Norwood, MA 02062
(717) 645-5463

*Respectfully submitted by:*

______________________________

**Morris Williams**
9311 FM 1488 30-111
Magnolia, TX 77354
Email: